IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON MELK, et al., | : CIVIL ACTION |
| Plaintiffs, | : NO. 08-3515 |
| v. | : |
| PENNSYLVANIA MEDICAL SOCIETY, et al., | : |
| Defendants. | : |

## MEMORANDUM

Plaintiff Ron Melk ("Plaintiff") filed a Complaint against non-profit organizations Pennsylvania Medical Society ("PMS") and Congreso De Latinos Unidos ("Congreso") (together, "Defendants") for copyright infringement and a variety of state law torts related to a public health campaign the Defendants launched in the Philadelphia area. In short, Plaintiff claims PMS and Congreso agreed to hire him to produce an anti-obesity awareness campaign for the Hispanic community, but then dismissed him, stole his proprietary advertising ideas, and developed the program without him. Currently before the Court are Plaintiff's Motion for Partial Summary Judgment (Docket No. 68); PMS's Motion for Summary Judgment (Docket No. 73); Congreso's Motion for Summary Judgment (Docket No. 76); various responses and replies thereto; and related statements of material facts.[1] The Court heard argument on the pending motions on April 26, 2011.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings,

---

[1] At argument, Plaintiff acknowledged that his submissions regarding competing versions of disputed or undisputed facts did not comply with Chambers procedures. Despite this, the Court is still able to render a decision.

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a summary judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). In order to defeat a motion for summary judgment, disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23. An issue is genuine if the fact finder could reasonably return a verdict in favor of the non-moving party with respect to that issue. Anderson, 477 U.S. at 248. In reviewing a motion for summary judgment, the court does not make credibility determinations and must view facts and inferences in the light most favorable to the party opposing the motion. Seigel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1127 (3d Cir. 1995).

In this particular situation, the Court need not recite the disputed or undisputed facts of the case in depth because the Court will dispose of this entire matter based on its resolution of the federal copyright claim. The only copyrighted material that Plaintiff pleaded in Count One of the Complaint is a Microsoft PowerPoint presentation entitled "Heads Up on Health – Vanguardia se la Salud" (the "PP").[2] Accordingly, there is a single copyrighted work at

---

[2] Plaintiff acknowledged at argument that the PP was the only material he ever registered with the U.S. Copyright Office. Plaintiff may not rely on unpleaded and unregistered works to support his copyright infringement claim. To properly plead a claim of copyright infringement

issue here – the PP. The content of the PP is undisputed – indeed, it is an extensively referenced exhibit.

It is axiomatic that Plaintiff must prove two elements to establish copyright infringement: "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); 17 U.S.C. § 411(a). With regard to the latter, however, it is well-established that copyright law protects only the particular expression of ideas, not ideas themselves. Universal Athletic Sales Co. v. Salkeld, 511 F.2d 904, 908 (3d Cir. 1975). As the Third Circuit has explained:

> A copyright does not cover an idea or a system of doing business but only the particular mode of expression of the idea embodied in the copyrighted material. The public is free to use the idea or method of doing business . . . the copyright is not infringed by an expression of the idea which is substantially similar where such similarity is necessary because the idea or system being described is the same.

Id.

Here, Plaintiff essentially complains that Defendants improperly implemented a program which stemmed, at least in significant part, from ideas contained in the PP. This claim is untenable. The PP is the tangible, copyrighted expression of Plaintiff's business plan ideas.[3] It

---

under Federal Rule of Civil Procedure 8, his Complaint must state which specific works he believes have been infringed. Flynn v. Health Advocates, Inc., No. Civ. A. 03-3764, 2004 WL 51929, *12 (E.D. Pa. Jan. 13, 2004). Moreover, the Copyright Act bars Plaintiff from claiming infringement of unregistered works, see 17 U.S.C. § 411(a), except in three circumstances, none of which apply here. Reed Elsevier, Inc. v. Muchnick, No. 08-103, 2010 WL 693679, *10 (U.S. March 2, 2010).

[3] The record is replete with evidence that Plaintiff has understood the PP to be a business plan that contains ideas.

is that specific form of expression alone, and not Plaintiff's general ideas for a Hispanic health outreach program, that is protectable and, indeed, protected by his actual copyright. Critically, Plaintiff has not adduced evidence that Defendants copied any specific expressive content from the PP. The Court has reviewed the PP and the Defendants' subsequent program materials. It is true that, after parting ways with Plaintiff, Defendants produced a Hispanic health outreach plan. However, it is also evident that the PP is merely a business plan which contains ideas and information but does not set forth specific content which appears in material later published by the Defendants.[4] There are only so many basic ideas for a health outreach program, and booklets and media presentations are among the most simple.[5] In the end, there is no evidence that

---

[4] For example, the PP does not contain an entire booklet of recipes later published by Defendants; it contains the idea for a book of healthy recipes. The closest match might be the program booklet cover, but even as to that there are such substantial differences between the example in the PP and the later material published by Defendants so as to defeat an assertion of misappropriation. Schiffer Publishing, Ltd. v. Chronicle Books, LLC, No. 03-4962, 2004 WL 2583817, *10-12 (E.D. Pa. Nov. 12, 2004). Defendants' booklet does not mimic distinctive layout/ideas of the cover page example set forth in the PP. Compare with Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 207 (3d Cir. 2005) (distinctive arrangement and layout of elements entitled to protection as a graphic work).

[5] Plaintiff has repeatedly ignored the difference between the PP and other expressions of the ideas contained therein. For example, if the PP contains a general idea for a booklet, Plaintiff appears to believe the contents of any booklet later generated by Defendants are attributable to him. This is not the law. Indeed, if Plaintiff's position were correct, entire areas of expression could be forestalled by the copyrighting of similar "idea" outlines. For example, someone who prepared and copyrighted a PowerPoint outline of business plan ideas for an non-profit outreach program on the broad subject of "good judging" could potentially preclude, by action at law, others from producing programs, printed matter, or media presentations for judges which contained detailed ideas about good judging. This is an incorrect reading of copyright law; novel and specific means of expression are entitled to special protection, while broad ideas that set out general means which are difficult for others to avoid are not. Here, the PP contains ideas for elements such as a television show, booklets, sponsorship, and health screenings. Plaintiff's assertion that copyright law entitles him to credit for the implementation of a program containing such broad content does not pass legal muster.

Defendants copied <u>the PP</u>, which is what is relevant for purposes of Plaintiff's copyright claim. Defendants' program booklets, television programs, etc., contain none of <u>the PP</u>.

In sum, Defendants' expression of the basic ideas outlined in the PP in a subsequently developed specific program is not actionable under copyright law. Plaintiff's copyright was for a PowerPoint expression of a business plan, and it did not include specific content later developed and implemented by Defendants in their own particular program. In the end, Plaintiff has not produced evidence – let alone disputed evidence – that Defendants copied a protected work. Defendants are therefore entitled to summary judgment on Count One.[6]

\* \* \*

Pursuant to statute, if at any time before trial a District Court has dismissed all claims over which it has original subject matter jurisdiction, the Court may, in its discretion, decline to exercise supplemental jurisdiction over remaining supplemental state law claims. 28 U.S.C. 1367(c); <u>Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec.</u>,

---

[6] Plaintiff has tried very hard to generate a disputed issue of fact concerning the transmission of the PP to a third party. This effort, however, fails. Plaintiff cites to a May 2006 transmission of the PP from Defendant employee Barbara Layne to Independence Blue Cross ("IBC"). However, that transmission was, by Plaintiff's own admission, authorized as part of the effort to secure sponsors. Plaintiff also cites to a purported November 2006 re-transmission of the PP to IBC, but he does not provide sufficient evidence to create a genuine dispute of fact as to whether such transmission even occurred. The e-mail to which Plaintiff cites, <u>see</u> Pl's Ex. 50, does not establish that its author is referring to a particular version of the PP that was different from the version transmitted in May 2006 (or, indeed, to a copy of the PP sent subsequent to May 2006). Even more important, however, is the fact that IBC had already decided to sponsor the program based on the PP transmitted in May 2006, so the question of the November 2006 PP transmittal is not material as to infringement or damages. In other words, any transmission of the PP after May 2006 had no influence on IBC's decision to sponsor the program and could not have resulted in profits for Defendants or loss of profits for Plaintiff. Accordingly, there is no link between any alleged November 2006 transmission and profits so as to make said profits potentially recoverable by Plaintiff. <u>Graham Co. v. Haughey</u>, 568 F.3d 425, 442 (3d Cir. 2009).

Inc., 823 F.Supp. 1191 (E.D. Pa. 1993). Here, in addition to one federal copyright claim, Plaintiff brings five pendant state law claims. Given that I have resolved the federal copyright claim prior to trial, I will dismiss the remaining supplemental state law claims without prejudice.[7]

An appropriate Order follows.

---

[7] 28 U.S.C. § 1367 tolls the statute of limitations over supplemental claims following dismissal of all federal claims under Section 1367(c), so that a federal court's decision to decline to exercise supplemental jurisdiction does not prejudice a plaintiff regarding timing of his pendant claims. Specifically, the statute of limitations for supplemental claims is tolled for the entire period a plaintiff's state law claims were pending in federal court plus a period of 30 days following dismissal, unless state law provides for a longer tolling period. 28 U.S.C. 1367(d).